**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0062n.06

**No. 09-5974**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
**Feb 01, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| **JIMMY FOX**, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE:    KENNEDY, COLE, and GRIFFIN, Circuit Judges.

**COLE, Circuit Judge.**  Defendant-Appellant Jimmy Fox appeals the district court's decision not to suppress evidence obtained during a search of the home he shared with his girlfriend Kelly Leonard.  Fox contends that the magistrate judge lacked probable cause to issue the search warrant. We **AFFIRM**.

## I.  BACKGROUND

Following a several month investigation into a large-scale marijuana trafficking organization operating in East Tennessee, Drug Enforcement Administration Special Agent Michael E. Templeton sought a warrant to search Leonard's [1] home and surrounding area.  In support of the search warrant, Templeton filed a thirty-seven-page master affidavit (not including photographs), which also

---

[1]  Leonard has been indicted in a separate case for her alleged involvement in the marijuana trafficking conspiracy.

supported a request to search eleven additional locations. At the time of the application, Fox was an elected county Constable and Reserve Deputy. The affidavit was largely based on information provided by a proven confidential informant that Leonard was one of the organization's distributors, including an observed meeting between the informant, the drug trafficking ring leader, Leonard, and Fox, during which the ring leader made plans to trade drugs for Fox's motorcycle.

A magistrate judge granted Templeton the search warrant on July 3, 2008, and it was executed four days later. Authorities seized, from both the home and Fox's vehicle, two digital scales, two firearms with ammunition, a photograph of Fox smoking marijuana, and user quantities of marijuana and hashish. Leonard told agents that both she and Fox were regular marijuana users; Fox confirmed that he was a marijuana user and had been so for more than a year.

A grand jury indicted Fox with being an unlawful user or addict of a controlled substance in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). He moved to suppress the seized evidence, claiming that the warrant was not supported by probable cause. The magistrate judge issued a Report and Recommendation ("R&R"), recommending that Fox's motion be denied. The district court affirmed and adopted the R&R, finding that the motion to suppress should be denied on two alternate grounds: first, the search was supported by probable cause, and second, even if probable cause had not been established, the *Leon* good faith exception applied. *See United States v. Leon*, 468 U.S. 897, 922 (1984) ("We conclude that the marginal or nonexistent benefits produced by suppressing evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant cannot justify the substantial costs of exclusion."). Fox entered a guilty plea,

reserving his right to appeal the district court's denial of his motion. The district court sentenced Fox to five months incarceration followed by three years of supervised release.

This appeal followed.

## II.  ANALYSIS

Fox appeals the denial of his suppression motion, claiming that the warrant authorizing the search of the house he shared with Leonard was not supported by probable cause. We need not reach this issue, however, because it is one of two alternative grounds on which the district court based its decision. Fox failed to challenge the district court's second ground, the *Leon* good faith exception. Two isolated sentences in an opening brief that make cursory reference to an officer's reasonable actions are not enough to constitute an argument. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (quotation marks omitted) (alteration in original).

Since the district court's ruling on the good faith exception sufficed to justify its denial of Fox's motion to suppress, Fox's failure to appeal that aspect of the court's decision means the denial of the motion still stands. *See Elite Sportwear Prods., Inc. v. N.Y. Life Ins. Co.*, 270 F. App'x 153, 154 (3d Cir. March 18, 2008) ("[W]e . . . will affirm because these unappealed aspects of the District Court's decision represent an adequate and independent ground for [the district court's judgment].").

Fox additionally tries to argue that the search warrant did not authorize the search of his car because it failed to particularly describe the vehicle.  This argument, however, is also waived because Fox failed to object to the R&R's analysis that the search of his car was proper.  *See United States v. Miller*, 227 F. App'x 446, 452 (6th Cir. March 28, 2007) (citing *Thomas v. Arn*, 474 U.S. 140, 142 (1985)).

### III.  CONCLUSION

For these reasons, we **AFFIRM** the district court's denial of Fox's motion to suppress.