**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0818n.06

No. 11-1826

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jul 30, 2012*

LEONARD GREEN, Clerk

TRACEY L. KEVELIGHAN, et al.,

    **Plaintiffs-Appellants,**

v.

ORLANS ASSOCIATES, P.C., et al.,

    **Defendants-Appellees.**

)
)
)
)
)
)
)
)
)
)
)

**ON APPEAL** FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

**O P I N I O N**

**BEFORE: COOK and MCKEAGUE, Circuit Judges; and WATSON, District Judge.**[*]

    **MICHAEL H. WATSON, District Judge.** Plaintiffs-Appellants defaulted on mortgage

loans obtained from the Defendant financial institutions, in some instances by failing to pay property

taxes. The Defendant mortgage loan servicers established escrow accounts and advanced payment

of the taxes and, through their attorneys, provided Plaintiffs reinstatement quotes which included

attorneys' fees. Plaintiffs filed a putative class action asserting, *inter alia*, Defendants' actions

violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), constituted

breaches of the mortgage agreements, and resulted in unjust enrichment to Defendants. The District

Court granted Defendants' respective motions for judgment on the pleadings and for summary

---

[*]The Honorable Michael H. Watson, United States District Judge for the Southern
District of Ohio, sitting by designation.

judgment and entered final judgment dismissing Plaintiffs' claims with prejudice. We find no error

and **AFFIRM**.

## I. BACKGROUND

### A. Factual Background

Plaintiffs[1] obtained mortgage loans from various lending institutions.[2] The mortgages were

administered by several different loan servicers.[3] The loan servicers employed law firms, Defendants

Trott & Trott, P.C. ("Trott") and Orlans Associates, P.C. ("Orlans"), to initiate foreclosure

proceedings after Plaintiffs defaulted on the mortgages. Brief descriptions of the individual

transactions are set forth below.

### A. Tracey Kevelighan

In March 2006, Tracey Kevelighan obtained a mortgage loan from WMC Mortgage

Corporation to buy a home in Bloomfield Hills, Michigan. Kevelighan failed to pay property taxes

for July and December 2006 and July 2007. In December 2007, ASC informed Kevelighan that it

had paid the delinquent taxes and would set up an escrow account to collect the advance. In April

---

[1]Plaintiffs are Tracey L. Kevelighan, Kevin W. Kevelighan, Jamie Lynn Compton, Jamie Leigh Compton, and Kevin Kleinhans (collectively, "Plaintiffs").

[2]The lending institutions named as Defendants are Deutsche Bank National Trust Company ("Deutsche Bank"), the Federal National Mortgage Association ("Fannie Mae"), and the Bank of New York Mellon ("BNY") (collectively, the "Mortgagee Defendants").

[3]The servicers are Defendants First Horizon Home Loans ("First Horizon"), Wells Fargo Home Mortgage ("Wells Fargo"), America's Servicing Company, ("ASC") (collectively, "Servicer Defendants"), as well as Defendant U.S. Bank.

2008, Kevelighan stopped making payments on the loan. ASC declared a default and told Kevelinghan that it would accelerate the loan unless she made the delinquent payments. After Kevelighan failed to pay, ASC's foreclosure counsel, Orlans, sent a letter to her indicating ASC was accelerating the loan and would soon initiate foreclosure proceedings. Kevelighan, through her counsel, challenged the default and threatened to sue.

Trott replaced Orlans as foreclosure counsel, and in April 2009 Trott sent Kevelighan a letter stating it was bringing foreclosure proceedings against her on behalf of ASC. Kevelighan responded through counsel by requesting a reinstatement quote. In May 2009, Trott sent a reinstatement quote to Kevelighan instructing her that she could reinstate the loan by paying $65,953.10, of which $1,373.00 represented attorneys' fees.

**B. Tracey and Kevin Kevelighan**

In 2003, Tracey and Kevin Kevelighan obtained a mortgage loan from The Prime Financial Group, Inc. for a home located in Farmington Hills, Michigan. Wells Fargo serviced the loan. The Kevelighans failed to pay property taxes for July and December 2007. Wells Fargo paid the taxes and created an escrow account to collect the advance. In November 2008, Trott told the Kevelighans it would initiate foreclosure proceedings on behalf of Wells Fargo. The home was sold in a foreclosure sale in June 2009.

**C. The Comptons**

In 2004, Jamie Lynn Compton and Jamie Leigh Compton obtained a mortgage loan of $230,500 from First Horizon secured by lien on a home located in Lowell, Michigan. The Comptons failed to pay the property taxes for December 2006 and July 2007. First Horizon paid those taxes

and notified the Comptons that it would establish an escrow account to collect the advance. As a result, the monthly payments increased. Thereafter, the Comptons tendered only the original payment amount, which First Horizon rejected. First Horizon then informed the Comptons the loan was in default and requested payment of $2,451.18 by February 29, 2008. In May 2008, First Horizon notified the Comptons that the account had been referred to counsel to begin foreclosure proceedings.

Trott notified the Comptons that their loan had been accelerated and that they could request a reinstatement quote. The Comptons have not alleged that they requested such a quote, and they admit that they did not pay any attorney's fees in connection with the loan. On July 3, 2008, First Horizon purchased the property at a sheriff's sale.

On January 3, 2007, Jamie Lynn Compton and Jamie Leigh Compton obtained a loan of $204,800 from HSBC Mortgage Corporation ("HSBC") secured by a mortgage on a different property located in Lowell, Michigan. Fannie Mae held that loan.

The Comptons fell behind on the loan payments, and in May 2008, Trott notified them the account had been referred to it to initiate foreclosure proceedings. Fannie Mae bought the property at a sheriff's sale in July 2008.

**D. Kevin Kleinhans**

Kevin Kleinhans obtained a mortgage loan from NBD Mortgage Company to buy a home in Alma, Michigan. The mortgage was later assigned to the Michigan State Housing Development Authority in February 1985. U.S. Bank serviced the loan. Kleinhans defaulted on the loan, and U.S. Bank contacted Trott to initiate foreclosure proceedings. Kleinhans requested a

reinstatement quote, and Trott responded by stating that Kleinhans could reinstate by paying the outstanding monthly payments, late charges, inspection fees, tax advances, and insurance advances, which totaled $3,226.97, in addition to legal fees and costs of $1,322.25. Kleinhans reinstated the loan by paying those amounts.

## B. Procedural Background

Plaintiffs initiated their putative class action lawsuit in June 2009. In October 2009, they filed a 145 page amended complaint containing 634 numbered paragraphs and purporting to assert claims under the FDCPA, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, and common law breach of fiduciary duties, breach of contract, tortious interference with contract, as well as other alleged violations of Michigan common and statutory law. Am. Compl., PageID # 73–217, ECF No. 5. In July 2010, the District Court issued a decision granting in part and denying in part five separate motions to dismiss filed by several Defendants. *Kevelighan v. Trott & Trott, P.C.*, 771 F. Supp. 2d 763 (E.D. Mich. 2010), Page ID # 967–996, ECF No. 55. That decision is not at issue in this appeal.

In an effort to further winnow and clarify Plaintiffs' claims, the District Court sent a letter to the parties in August 2010 listing the claims it believed remained pending in the action. Letter, PageID # 1022–25, ECF No. 62. Germane to this appeal, the list included claims brought by the Kevelighans and Comptons against the Servicer Defendants, Mortgagee Defendants, Trott, and Orlans for violation of the FDCPA, common law breach of contract, and unjust enrichment, all arising from the payment of tax advances and the alleged excessive attorneys' fees set forth in the

reinstatement letters. Page ID # 1024–24. The list also included Kleinhans' unjust enrichment claims against Trott and U.S. Bank for the collection of excessive attorneys' fees. Page ID # 1025. The District Court invited objections to the list but received none.

In January 2011, the District Court granted Trott's motion for judgment on the pleadings, finding Trott was not acting as a debt collector for purposes of the FDCPA when it responded to Plaintiffs' requests for information on reinstatement. Op. & Order, PageID # 1382–84, ECF No. 100. It also found the FDCPA claims against Trott were time barred. PageID# 1384. Moreover, the District Court concluded Plaintiffs' unjust enrichment claim against Trott lacked merit because the collection of attorneys' fees in connection with reinstatement was addressed by the mortgage agreements. PageID # 1384.

In February 2011, the Servicer Defendants and Mortgagee Defendants moved separately for summary judgment on Plaintiffs' remaining claims against them. U.S. Bank and Orlans also moved separately for judgment on the pleadings. On May 26, 2011, the District Court issued three opinions granting all four motions and entered final judgment dismissing the action with prejudice. The District Court found that the Servicer Defendants were not unjustly enriched because the Comptons and Kevelighans never paid the attorneys' fees set forth in the reinstatement quotes and as a result the Servicer Defendants never received a benefit from them. Op. & Order, PageID # 1933–34, ECF No. 119.

The District Court granted the Mortgagee Defendants' summary judgment motion, concluding those Defendants were not debt collectors for purposes of the FDCPA, responding to a borrower's request for information does not constitute debt collection, the FDCPA claims were time

barred, and the attorneys' fees listed in the reinstatement quotes did not violate Michigan statutory law. Op. & Order, PageID # 1941–45, ECF No. 120. In addition, the District Court concluded Plaintiffs' breach of contract claims failed because the Mortagee Defendants did not breach the mortgage agreements, and Plaintiffs failed to establish damages. PageID # 1945–46. Moreover, the District Court rejected Plaintiffs' argument that the Mortgagee Defendants were unjustly enriched given the Comptons and Kevelighans never paid the attorneys' fees listed in the reinstatement quotes. Page ID # 1945.

The District Court granted Orlans' motion for judgment on the pleadings with respect to Tracy Kevelighan's FDCPA claim, finding Orlans was not attempting to collect a debt, but rather sought to enforce a security agreement. Op. & Order, Page ID # 1954, ECF No. 121. The District Court also dismissed Tracey Kevelighan's unjust enrichment claim against Orlans on the grounds that Orlans never received a benefit because Kevelighan never paid the attorneys' fees set forth in the reinstatement quote, and because the mortgage agreement covered the subject matter of her claim, thereby precluding an unjust enrichment claim. Page ID # 1954. Lastly, the District Court granted U.S. Bank's motion for judgment on the pleadings because although Kleinhans reinstated and paid the attorneys' fees listed in the reinstatement quote, those fees were paid directly to Trott, and there was no evidence U.S. Bank received a benefit from that payment. Op. & Order, Page ID # 1955, ECF No. 121. This appeal followed.

## II. JURISDICTION AND STANDARDS OF REVIEW

We have jurisdiction to review the District Court's final judgment under 28 U.S.C. § 1291. We review *de novo* the District Court's decisions granting judgment on the pleadings and summary

judgment. *Herrera v. Churchill McGee, LLC*, 680 F.3d 539, 544 (6th Cir. 2012). In reviewing a district court's decision granting judgment on the pleadings, we employ the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012). Hence, we accept well-pleaded factual assertions as true and view them in the light most favorable to the plaintiff. *Id.* A complaint withstands a motion to dismiss only if it contains sufficient factual allegations which, if accepted as true, state a plausible claim for relief. *Id.* at 622–23. Summary judgment is proper where there is no genuine dispute as to any material fact and the moving parties are entitled to judgment as a matter of law. *Chapman v. United Auto Workers Local 1005*, 670 F.3d 677, 680 (6th Cir. 2012) (citing Fed. R. Civ. P. 56(a)). "When the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper." *Id.*

## III. DISCUSSION

Plaintiffs identify only two alleged errors by the District Court. First, Plaintiffs assert the District Court erred when it held the attorney fee limitation for foreclosure sales set forth in Mich. Comp. Laws § 600.2431(2) does not apply to the attorneys' fees included in the reinstatement quotes. Second, Plaintiffs challenge the District Court's finding that Plaintiffs failed to adduce evidence of damages for purposes of their breach of contract and unjust enrichment claims.

### A. FDCPA

The FDCPA prohibits debt collectors from collecting any amount "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

Here, Plaintiffs appear to concede the mortgage agreements expressly provided for the collection of reasonable attorneys' fees in connection with reinstatement. Plaintiffs contend Mortgagee Defendants violated the FDCPA because the reinstatement quotes included attorneys' fees in excess of the amount permitted for foreclosure sales under Mich. Comp. Laws § 600.2431(2).[4] The Mortgagee Defendants maintain the District Court correctly held the plain language of Mich. Comp. Laws § 600.2431(2) limits its application to legal fees incurred in the course of a foreclosure sale. Moreover, the Mortgagee Defendants argue Plaintiffs have waived their challenge to the District Court's dismissal of their FDCPA claims because they failed to address the other grounds upon which the District Court dismissed those claims.[5]

---

[4]That provision states:
Where an attorney is employed to foreclose a mortgage by advertisement, an attorney's fee, not to exceed any amount which may be provided for in the mortgage, may be included as a part of the expenses in the amount bid upon such sale for principal and interest due thereon in the following amounts:

(a) for all sums of $1,000.00 or less, $25.00.

(b) for all sums over $1,000.00 but less than $5,000.00, $50.00.

(c) for all sums of $5,000.00 or more, $75.00.

But if payment is made after foreclosure proceedings are commenced and before sale is made, only 1/2 of such attorney's fees shall be allowed. Both the principal and the interest due thereon shall be included in the sum on which the attorney's fee is computed.

Mich. Comp. Laws § 600.2431(2).

[5]U.S. Bank notes Kleinhans conceded his FDCPA claim against it was time barred.

We address waiver first. The District Court identified four separate and independent grounds for granting summary judgment in favor of the Mortgagee Defendants on Plaintiffs' FDCPA claims: (1) the Mortgagee Defendants are not debt collectors within the meaning of the FDCPA; (2) responding to Plaintiffs' requests for reinstatement quotes and other information does not constitute "debt collection" under the FDCPA; (3) the Comptons' FDCPA claims are time barred; and (4) Mich. Comp. Laws § 600.2421(2) limiting attorneys' fees for foreclosure sales does not apply to providing reinstatement quotes. On appeal, Plaintiffs address only the fourth ground for dismissal. Their failure to address the other three bases for summary judgment on their FDCPA claims results in a waiver of any challenge to those alternative grounds, and requires us to affirm the District Court's ruling. *White Oak Prop. Dev., LLC v. Washington Twp., Ohio*, 606 F.3d 842, 854 (6th Cir. 2010); *see also United States v. Fox*, 363 F. App'x 375, 377 (6th Cir. 2010).

In any event, we find no error in the District Court's conclusion that Mich. Comp. Laws § 600.2421(2) does not apply to attorneys' fees incurred in connection with a reinstatement quote. The District Court reasoned:

> By its plain language, the statute limits the fee that "may be included as a part of the expenses *in the amount bid upon such sale.*" *Id.* (emphasis added). In a reinstatement transaction, there is no sale of the property and the borrower continues to make payments to the lender. Because no sale occurs, the Michigan statute does not govern the attorney's fee applicable to reinstatement. The attorney's fees that are the focus of Plaintiffs' claims were included in reinstatement quotes; they are therefore not subject to Michigan Compiled Laws § 600.2431(2).

*Kevelighan v. Trott & Trott, P.C.*, No. 2:09-cv-12543, 2011 WL 2111977, at *5 (E.D. Mich. May 26, 2011) (emphasis in original). We agree with the District Court's analysis and reject Plaintiffs' bald assertion that providing a reinstatement quote is "part and parcel" of a foreclosure proceeding.

Far from being "part and parcel" of a foreclosure, reinstatement affords a mortgagor the opportunity to cure a default and *avoid* foreclosure proceedings.

In sum, Plaintiffs waived their right to challenge the District Court's adequate and independent grounds for granting summary judgment on Plaintiffs' FDCPA claims, and the District Court's decision is affirmed on the bases of those alternative grounds. In addition, the District Court correctly determined that Mich. Comp. Laws § 600.2431(2) does not limit attorneys' fees included in a reinstatement quote.

## B. Breach of Contract

Plaintiffs assert the Mortgagee Defendants breached the mortgage agreements by collecting tax advances and requesting excessive attorneys' fees in the reinstatement quotes. On appeal, Plaintiffs maintain the District Court erroneously found they failed to demonstrate damages for purposes of their breach of contract claims.

The Mortgagee Defendants contend the Kevelighans and Comptons never made any attempt to reinstate and therefore never paid the attorneys' fees included in the reinstatement quotes. Further, the Mortgagee Defendants again note Plaintiffs fail to challenge the alternative ground upon which the District Court granted summary judgment on Plaintiffs' breach of contract claims, namely, that the Mortgagee Defendants did not breach the mortgage agreements because the tax advances were collected in accordance with the agreements, and Mich. Comp. Laws § 600.2431(2) did not apply to the attorneys fees sought in connection with reinstatement. As before, Plaintiffs' failure to address the District Court's finding that no breach occurred is fatal to their appeal of the dismissal of their breach of contract claims. *See White Oak Prop.*, 606 F.3d at 854; *Fox*, 363 F. App'x at 377.

Nonetheless, we detect no error in the District Court's conclusion that the Kevelighams and Comptons failed to demonstrate damages. Under Michigan law, "[p]roof of damages is an essential element of a breach of contract claim." *Auto Indus. Supplier Emp. Stock Ownership Plan v. Ford*, 435 F. App'x 430, 459 (6th Cir. 2011) (citing *Wolverine Upholstery Co. v. Ammerman*, 135 N.W.2d 572, 575–76 (Mich. Ct. App. 1965)). The Kevelighans and Comptons never sought reinstatement and did not adduce evidence they paid the legal fees set forth in the reinstatement quotes. Plaintiffs nevertheless suggest damages are available for Tracey Kevelighan's embarrassment, humiliation and emotional distress, but as the Mortgagee Defendants note, emotional damages are not available for breach of contract. *Marcus v. GFG Emp't Servs. Inc.*, No. 284042, 2009 WL 1167849, at *3 (Mich App. Apr. 28, 2009) (citing *Kewin v. Mass. Mut. Life Ins. Co.*, 295 N.W.2d 50, 55 (Mich. 1980) and *Valentine v. Gen. Am. Credit, Inc.*, 362 N.W.2d 628, 628 (Mich. 1984)). Plaintiffs also refer to the alleged loss of equity as proof of damages but make no attempt to tie those damages to the tax advances or the request for excessive attorneys' fees for reinstatement. For the above reasons, we uphold the District Court's dismissal of Plaintiffs' breach of contract claims.

## C. Unjust Enrichment

Plaintiffs argue the District Court erred in finding they did not suffer damages for purposes of their unjust enrichment claims. In doing so, Plaintiffs misapprehend the District Court's ruling because lack of damages played no part in its decisions dismissing Plaintiffs' unjust enrichment claims. Rather, the District Court observed that because the Kevelighans and Comptons never reinstated, and therefore never paid the disputed attorneys' fees, no Defendant received any benefit for purposes of unjust enrichment. Although Plaintiffs argue otherwise, it is well established that

receipt of a benefit by the defendant is an essential element of unjust enrichment under Michigan law. *Blackward Properties, LLC v. Bank of America*, No. 10-2226, 2012 WL 762882, at *4 (6th Cir. Mar. 9, 2012) (quoting *Barber v. SMH (US), Inc.*, 509 N.W.2d 791, 796 (Mich. Ct. App. 1993) (listing receipt of benefit and inequity as essential elements of unjust enrichment claim)).

Kleinhans' unjust enrichment claim against U.S. Bank fails for the same reason. Although Kleinhans reinstated and paid the attorneys' fees listed in the reinstatement quote, the payment was made directly to Trott and there is no indication U.S. Bank received a benefit as a result of that payment. Furthermore, Plaintiffs make no attempt to challenge the District Court's conclusion that Tracey Kevelighan's unjust enrichment claim against Orlans failed for the additional reason that the mortgage agreement expressly addressed the fees. We therefore affirm dismissal of that claim on the basis of the alternative ground. *See White Oak Prop.*, 606 F.3d at 854*; Fox*, 363 F. App'x at 377.

Plaintiffs ostensibly argue the inequity element of unjust enrichment is satisfied because the attorneys' fees listed in the reinstatement quotes violated Mich. Comp. Laws § 600.2431(2). We have already rejected that argument, and Plaintiffs' unjust enrichment claims fail in any event for the additional reasons stated above. We find no error in the District Court's dismissal of Plaintiffs' unjust enrichment claims.

Though Defendants have not requested that Plaintiffs' counsel be sanctioned, we believe this appeal comes right up to the line of sanctionable conduct under Federal Rule of Appellate Procedure 38. That Plaintiffs had "no reasonable expectation of altering the district court's judgment on appeal" is especially apparent here, where Plaintiffs appealed only two issues without contesting the

district court's numerous alternative holdings. *Wilton Corp. v. Ashland Castings Corp.*, 188 F.3d 670, 676 (6th Cir. 1999) (internal quotation marks omitted). The result is so obvious that we are hard pressed to find an explanation for this appeal other than sheer obstinacy or incompetence. *See Dubay v. Wells*, 506 F.3d 422, 432-33 (6th Cir. 2007); *see also Shaya v. Countrywide Home Loans, Inc.*, No. 11-1484, 2012 WL 1816233, at *4 (6th Cir. May 21, 2012), as amended (May 24, 2012) (finding appeal frivolous and deserving sanctions where appellants' counsel, *inter alia*, "[did] not address many of the reasons that the district court provided for dismissing each count"). However, because one of the issues raised was at least colorable (though ultimately without merit and utterly ineffectual in light of Plaintiffs' failure to contest the alternative holdings), we will simply remind counsel:

> An attorney is not a mere scrivener. He does not produce pleadings at the whim of a client. He counsels and advises based upon his superior knowledge of which causes of action are meritorious and which are not. His responsibility to a client is not only to pursue legitimate claims with vigor, but to avoid filing meritless claims only to harass one's opponent. This balance is a professional obligation and should serve to separate the profession of law from the activities of the marketplace.

*Haines v. Gen. Motors Corp.*, 603 F. Supp. 471, 479 (S.D. Ohio 1983). Counsel would do well to remember this when filing future appeals.

## IV. CONCLUSION

For the above reasons, we **AFFIRM** the judgment of the District Court.